UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANELLE KIDD,<br><br>             Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY,<br><br>             Defendant. | Civil No. 11cv1512 L(MDD)<br><br>**ORDER DENYING MOTION TO RE-TAX COSTS [doc. #68]** |

Plaintiff brought this action in the Superior Court of the State of California, in and for the County of San Diego in June, 2011, alleging that under California law, defendant discriminated against her due to her disability, due to her status as a woman, that she suffered from sexual harassment by a co-worker, that she faced retaliation as a result of her sexual harassment claim, and that her transfer back to her old position and her ERB were both adverse employment actions.[1] After the filing of the Notice of Removal, Defendant received Plaintiff's First Amended Complaint. (Exh. C to Amended Notice of Removal. [doc. #3]) All of Plaintiff's discrimination claims are brought under California's Fair Employment and Housing Act ("FEHA"), GOV. CODE

---

[1] By Order filed September 20, 2011, the Court dismissed Plaintiff's first cause of action for wrongful demotion in violation of public policy; the fifth cause of action for employment discrimination – sexual harassment; the sixth cause of action for employment discrimination – harassment; and the tenth cause of action for negligent infliction of emotional distress.

§ 12940, *et seq*. Plaintiff also alleges violation of the federal Family Medical Leave Act ("FMLA").

Plaintiff was represented by counsel up to May 21, 2012, when plaintiff filed a consent to have counsel withdraw. Thereafter, plaintiff proceeded without counsel.

Defendant filed a motion for summary judgment on July 25, 2012. [doc. #50]. The Court provided plaintiff with notice regarding the implications of a summary judgment motion, what is required to oppose such a motion,[2] and when her response was due. [doc. #52] Plaintiff filed her response in opposition. After full briefing, the Court granted defendant's motion for summary judgment and directed entry of judgment on January 24, 2013. [doc. #61] Judgment was entered on that same date.

On February 7, 2013, defendant filed its Bill of Costs in the amount of $5,570.53. Plaintiff filed a timely written objection to the requested Bill of Costs. Costs were taxed on February 28, 2013, against plaintiff in the amount of $5,147.23.

On April 11, 2013, plaintiff filed a declaration appealing the taxation of costs. Plaintiff's declaration did not accompany a motion to re-tax or to review the taxation of costs. Nevertheless, the Court construes the declaration as a motion to re-tax.

**Discussion**

**1.     Legal Standard**

Federal Rule of Civil Procedure 54(d) governs the taxation of costs to the prevailing party in a civil matter. Unless a court order provides otherwise, costs (other than attorney's fees) "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party. *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 591–93 (9th Cir. 2000) (en banc). But if the losing party shows why costs should not be awarded, the rule "vests in the district court discretion to refuse to award costs." *Id.*, at 591; *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)

---

[2] Although this notice must be given to a pro se prisoner in connection with a motion for summary judgment, *see Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998) (en banc), it need not be given to a pro se party who is not a prisoner, *see Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir.1986)

("the losing party must show why costs should not be awarded").

In reviewing a motion to deny costs, the Ninth Circuit has noted the following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) whether the issues in the case were close and difficult; (4) whether the prevailing party's recovery was nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the case presented issues of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010); *see also Ass'n of Mexican–American Educators*, 231 F.3d at 592-933 (the Court considers the losing party's financial resources; the chilling effect of imposing such high costs on future civil rights litigants; whether the issues in the case are close and difficult; and whether plaintiff's case, although unsuccessful, had some merit.).

**2.    Timeliness**

A motion to review the Clerk's action in awarding costs "must be served and filed within seven (7) days after receipt of the notice" of the clerk's taxation of costs. CIV. L. R. 54(h); FED. R. CIV. P. 54(d). Plaintiff had knowledge of this requirement because the Order Taxing Costs [doc. #66] expressly states that a motion to re-tax must be "served and filed within seven (7) days after receipt of the Order Taxing Costs . . . ." (Order filed February 28, 2013 at 2.) Notwithstanding this requirement, the motion plaintiff filed exceeds the allowable time by 35 days.  Plaintiff did not seek an extension of time in which to file her motion.

Accordingly, plaintiff's motion is untimely and may be denied on this basis alone.

**3.    Plaintiff's Objections to the Taxing of Any Costs**

Although untimely, the Court will review the merits of plaintiff's argument that she should not be required to pay any costs. The Court notes that plaintiff does not offer specific objections to any of defendant's requested costs.

Plaintiff contends that she cannot afford to pay because of her limited financial resources. (Decl. at ¶1.) She states "[i]f the true costs to bring the case to resolution had been revealed to my by [counsel], common sense dictates that I would not have pursued the action." (Decl at ¶3.) "Again, I had no idea that I could be held responsible for taxation of costs for which I clearly

could not afford." (Decl. at 3.)

Also, plaintiff contends that the filing of the action was done in good faith and was neither malicious or vexatious. She further argues that

> [b]ased on the totality of circumstances, taxation of costs would be inequitable because Plaintiff is indigent; there is also a great economic disparity between parties to cover costs, the case was brought forward in 'good faith', some of my claims were not without merit.

(Decl. at 3.)

In deciding the motion for summary judgment, the Court found that all of plaintiff's claims were without merit. The issues presented were neither difficult nor close even if the case was brought in good faith.

The amount of costs sought is reasonable and not exorbitant. Therefore, the suggestion that an award of costs would chill further civil rights litigation is not persuasive in this instance.

Plaintiff's suggestion that she had no idea she could be responsible for costs is belied by the declaration of Matthew Jedreski, counsel for defendant. Jedreski states he advised plaintiff that defendant would be filing a motion for summary judgment that would likely dispose of her case and reminded plaintiff that discovery sanctions against her had already been awarded. (Jedreski Decl. at ¶¶ 4, 8.) Nevertheless, plaintiff decided not to engage in settlement negotiations but instead chose to go forward. (*Id.*)

Finally, plaintiff's contention that she is indigent is not supported by the incomplete financial information provided by plaintiff. Of particular note is the absence of any mention of the $425,000 lump-sum payment plaintiff received as severance as part of her voluntary retirement in 2010. Although not required, plaintiff's failure to provide any documentary evidence of her financial status leaves the Court without sufficient proof of her alleged indigency. Therefore, the Court finds that plaintiff's statement regarding her limited financial resources is insufficient to overcome the presumption under Rule 54(d)(1).

/ / /

/ / /

/ / /

Based on the foregoing, plaintiff's motion to re-tax costs is **DENIED.**

**IT IS SO ORDERED.**

DATED: May 16, 2013

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL